UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SERGIO CRUZ CRUZ, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 25-11576-ADB |
| | * | |
| PAMELA BONDI, et al., | * | |
| | * | |
| Respondents. | * | |
| | * | |

ORDER OF TRANSFER

BURROUGHS, D.J.

On May, 30, 2025, immigration detainee Sergio Cruz Cruz, filed, through counsel, a filed a petition for a writ of habeas corpus. The petition states that Petitioner had been taken into custody in Waltham, Massachusetts two weeks earlier, but that, "on information and belief," Petitioner was confined at the Wyatt Detention Center in Rhode Island. ECF No. 1 ¶ 3.

In response to the Court's order, the respondents have filed a status report in which they indicate that Petitioner was transferred from ICE custody in the District of Massachusetts to the Wyatt Detention Center on May 25, 2025 and has remained at such facility since that date. ECF No. 7.

District courts are limited to granting habeas relief 'within their respective jurisdictions.'" Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). With some exceptions not relevant here, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Id. at 443. Because Cruz was confined in the District of Rhode Island at the time the petition was filed, the District of Rhode Island is the proper jurisdiction for adjudication of this action.

Accordingly, the Court orders that this action be TRANSFERRED to the United States District Court for the District of Rhode Island.  <u>See</u> 28 U.S.C. § 1631 (providing for transfer of an action to cure lack of jurisdiction).

IT IS SO ORDERED.

June 4, 2025

ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE